Minshall, J.
(dissenting): This suit (State v. Canary) was brought in quo warranto by the attorney-general to test the right of the respondent to hold the office of prosecuting attorney of Wood county, by the appointment of the court of common pleas. The questions arise on a demurrer to the answer. From this it appears that, at the November election of 1896, Arthur B. Murphy was elected prosecuting’ attorney of the county for a full term, who, on the first Monday in January, 1897, qualified and served as such until June 24, *211 1898, when he died. Thereupon the respondent, a member of the bar of Wood county, was appointed by the court of common pleas to fill the vacancy so created, who qualified and entered upon the duties of the office. That at the November election of 1898, Elmer G. McClelland was elected for a full term; but, supposing that his term did not begin until the first Monday in September, did not qualify until January 21, 1899, when he did so, and demanded the office. The respondent claims that the act of April 19, 1898, amending section 1267, Revised Statutes, and by which the commencement of the term of prosecuting attorney is changed from the first Monday in January to the first Monday in September, is a valid law. He further states that no candidate was nominated or elected at the November election of 1898, in Wood county, to fill the interim in the office of prosecuting attorney, resulting from the amendment of the statute; and that on the eighteenth day of February, 1899, he was again appointed by the same authority, to fill the vacancy caused by the death of Murphy, and the interval from the first Monday in January to the first Monday in-September, 1899, caused by the amendment of the statute, qualified as required by law, and entered upon and continues to fill the office.
Two questions present themselves: . 1. Cou] 1 the interim created by the amendment of th e statute have been filled by the people at the last November election? 2. Did the failure of the people to so fill it, create a vacancy in the office that could be filled by appointment? If the respondent is entitled to an affirmative answer on each of these questions, he is entitled to retain the office until next September.
*212 1. As to the first question: It will be observed that the amendment does not undertake to provide for the filling of the interim arising from changing the commencement of the term. It simply makes the change, leaving the interim to be filled in whatever mode is proper; and, if there is a proper one, it will not be maintained that the amendment is invalid from a failure to indicate it. Every one is presumed to know the law; and a valid statute cannot be affected by the indifference or neglect of the people. In State v. Brennan, 49 Ohio St., 33, the law was held invalid because it created a county office, and required that it should be filled by appointment, thus depriving the people of their paramount right to fill it by election; which, if a mode existed by which the interim could have been filled by election, is not so here; otherwise no change could be made by the general assembly in the commencement of the terms of an office, which would be not only an unwarranted limitation on its power, but lead to an absurd result; for certainly, the power that may fix the time at which the terms of an office shall begin, may change it, unless there is a limitation placed on the exercise of the power, which is not the case here. The question then arises, was there any existing means by which the people of the county could have filled this interim at the last November election? We think there was. The amendment took effect April 18, 1898. The interim to be filled was apparent; and, as a matter of law, the only way it could be filled, in the first instance, was by election; and the time for doing so was ample. It was as much a term to be filled by the people at the following November election, as was that of the term for three years beginning in September, 1899. *213 The provisions of our general' statute on the subject of elections are ample to enable the people to elect, in any case where by the constitution they have the right to elect. In other words, given an office, or term, which should be filled by election, and the provisions exist under which it may be so filled. It is the duty of the sheriff of the county to give notice -by proclamation of all offices to be filled at any general election, section 2977, Revised Statutes ; and if he refuse or neglect to make proclama1 tion for the filling of any office, he may at the suit of any elector, be compelled by mandamus to do so. State v. Brown, 38 Ohio St., 344. So that it is apparent, that there was no impediment in the way of the people filling’ this interim by election* had they seen fit to do so. Nominations could have been made for the short term and nominees placed on the official ballot, the same as in the case of the long or full term. The amendment then is not invalid for the reason that it contains no provision for filling the interim in the office, arising from the change made by it in the commencement of the term. The neglect of the people to fill the interim by election cannot affect the validity of the statute creating it. If valid when adopted it has remained so. Its validity cannot be affected by subsequent events, in no way resulting from its provisions. The law then being’ a valid' one, the second question, whether the failure of the people to elect created a vacancy that could be filled by appointment, remains to be considered.
2. The power to provide for the filling of vacancies is conferred by the constitution on the legist lature, section 27, article 2; and, in the exercise of this power, the filling of vacancies in the office of prosecuting attorney is conferred on the court of *214 common pleas in the county where the vacancy occurs. Section 1270, Revised Statutes. We are, however, all quite agreed -that the legislature could not have provided that this interim should, in the first instance, be filled by appointment. This would have violated the paramount right of the people to fill it. Vacancies that may be filled by appointment, are such as result from the happening of events, the time of which cannot reasonably be foreseen and provided for by election. This interim was not, in this sense, unforeseen — it was apparent from the change made in the commencement of the term; and could only be filled, in the first instance, by election. But the neglect of the people to exercise the right of election, cannot be termed a foreseen event at the time the law was enacted. It is one of these unforeseen, or, in the language used in State v. Heffner, 59 Ohio St., 368, “fortuitous” events, which creates a vacancy that may be filled by appointment, as much so, as if it had occurred by death, resignation, removal or any other contingency. If the amendatory act had expressly provided that the interim should be filled by election, at the next proper election, and the people had failed to elect, no one, I apprehend, would question the right of the common pleas to have filled the vacancy thus created, until, it could be filled by election; otherwise the office would remain vacant until the first Monday of September, 1899. This would be intolerable; and, as it is something that may, and has happened in other cases, when, it does happen, it is such an unforeseen event as invokes the power of appointment for the removal of the public inconvenience that must otherwise ensue. The respondent then, I think, shows a title to the office and a right to *215 hold it until the first Monday in September next, by the appointment of the court of common pleas of the county; and the demurrer to his answer should be overruled, and the petition dismissed.